Israel ALICEA ROSADO, Plaintiff,

v.

Carmen Sonia ZAYAS, Defendant.

Civ. No. 85–0831 HL.

United States District Court,
D. Puerto Rico.

Jan. 31, 1986.

José R. Pérez Hernandez, Old San Juan,
P.R., for plaintiff.

Ramírez & Ramírez, José A. Sánchez Alvarez, Hato Rey, P.R., for defendant.

## ORDER

LAFFITTE, District Judge.

Upon careful consideration of defendant's motion for summary judgment and plaintiff's opposition thereto, the motion for summary judgment is hereby DENIED on the grounds that the issue as to whether plaintiff's political affiliation is an appropriate requirement for the performance of the position of Regional Director III of the Social Services Department is one which requires elucidation through trial, and is not susceptible to be decided on a motion for summary judgment. Political discrimination cases involve subjective elements, and an official's "subjective good faith has been considered to be a question of fact that some courts have regarded as inherently requiring resolution by a jury." *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982).

Defendant's statement of uncontested facts, accompanying a classification questionnaire, pertaining to the position of Regional Director III, without more, is insufficient to establish that said position requires political affiliation as an appropriate requirement for the performance of the job, and therefore does not entitle defendant to summary judgment as a matter of law. *Stepanischen v. Merchant Despatch Corp.,* 722 F.2d 922 (1st Cir.1983).

Defendant's request for summary judgment on the grounds of qualified immunity is likewise DENIED. Defendant relies on conclusionary allegations, without affidavits, for the remarkable proposition that at the time of plaintiff's transfer given the state of the law regarding dismissal of public officials she "could not have known"

that such transfer would violate plaintiff's constitutional rights.

 Since 1980 the Supreme Court has set, in no uncertain terms, the law in patronage cases. *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). The complaint alleges that plaintiff, a twenty-five year employee in public service and a New Progressive Party member, was demoted from Regional Director to Social Worker V for political reasons, and that defendant replaced him with a political activist from the Popular Democratic Party. A Section 1983 defendant claiming qualified or good faith immunity has the burden to prove that the law was not clearly established at the time of plaintiff's alleged injuries, or that there exist extraordinary circumstances for not knowing the relevant legal standards. *Harlow v. Fitzgerald, supra.*

 It strains credulity that defendant, a former Superior Court Judge and former Dean of the Interamerican University Law School, may claim ignorance of clearly established constitutional rights. *See Ramos v. Secretario De Comerico,* 112 D.P.R. 514 (1982); *Colon v. Cruv,* 84 JTS 52 (1984), where the Puerto Rico Supreme Court embraced the doctrine of *Branti v. Finkel, supra.*

Plaintiff's allegations state a claim of violation of clearly established law.[1] Political discrimination in public employment has long been established as a violation of the First Amendment rights, and hence actionable under Section 1983. *See Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Consequently, defendant's motion for summary judgment claiming qualified immunity, predicated on the allegation that "Given the aforesaid functions and duties of the position held by plaintiff at the time of his transfer[2], and the state of the law regarding dismissal of public officials holding offices for which political loyalty is an appropriate require-

ment, it is evident that defendant could not have known or reasonably know that such transfer would violate plaintiff's constitutional rights", is simply untenable when viewed in the light of settled constitutional law.

WHEREFORE, defendant's motion for summary judgment is hereby DENIED.

IT IS SO ORDERED.

---

1. The Court is not, in ruling on defendant's motion for summary judgment, passing on the merits of plaintiff's claim.

2. The pretrial order on file shows, as an uncontested fact, that plaintiff was transferred by defendant on March 16, 1985.